UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**Viola Surgick, Harvey P. Trotter, and Trotter Electric, Inc.,**

          **Plaintiffs,**

    -v-              1:13-CV-157 (NAM/RFT)

**United States Internal Revenue,**

          **Defendant.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Viola Surgick, Harvey P. Trotter, and Trotter Electric, Inc.
Plaintiffs *pro se*

United States Department of Justice, Tax Division
Lisa L. Bellamy, Esq., of counsel
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
and
Office of United States Attorney
Thomas Spina , Jr., Esq., of counsel
James T. Foley United States Courthouse
445 Broadway, Room 218
Albany, New York 12207-2924
Attorneys for Defendant

**Hon. Norman A. Mordue, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

  Plaintiffs in this *pro se* action move (Dkt. No. 5) for a preliminary injunction. Defendants

move (Dkt. No. 13) to dismiss the complaint for lack of jurisdiction and failure to state a claim.[1]

As set forth below, the Court grants the dismissal motion in part and denies it in part. The motion

for a preliminary injunction is denied.

---

[1] The body of the complaint contains allegations regarding individual IRS employees, although they are not named in the caption. The Court construes the complaint as including the individual employees as named defendants.

**COMPLAINT**

Plaintiffs' *pro se* complaint (Dkt. No. 1) claims that employees of the Internal Revenue Service ("IRS"), acting within the scope of their employment and under color of law, violated plaintiffs' constitutional rights and committed torts against them by engaging in improper tax collection activities, including wrongfully levying on plaintiffs' bank accounts and on the accounts payable of the corporate plaintiff. Plaintiffs seek punitive and compensatory damages.

**DISCUSSION**

**Corporate Plaintiff**

Plaintiffs are advised that the corporate plaintiff Trotter Electric, Inc. cannot proceed without an attorney. The corporate plaintiff must appear by counsel within 30 days of the date of this Memorandum-Decision and Order, or risk dismissal of all claims on its behalf on the ground of failure to prosecute. The individual plaintiffs, Viola Surgick and Harvey P. Trotter, may continue to proceed *pro se* or may appear by counsel.

**Defendant's Motion to Dismiss**

*Applicable Law*

To survive a dismissal motion, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Ruotolo v. City of N.Y.*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell*, 550 U.S. at 555). The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in plaintiff's favor. *See ATSI*, 493 F.3d at 98. A complaint is "especially liberally construed where, as here, it is submitted *pro se* and alleges civil

rights violations." *See Jacobs v. Mostow*, 271 Fed.Appx. 85, 87 (2d Cir. 2008) (citing *Fernandez v. Chertoff*, 471 F.3d 45, 51 (2d Cir. 2006)). The Court construes the submissions of a *pro se* litigant to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). The Court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation omitted). Where, however, the problem with a cause of action is substantive such that "better pleading will not cure it[,]" leave to amend would be futile and should be denied. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

It is axiomatic that the United States, as sovereign, "is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted). When a claim is barred by sovereign immunity, the Court lacks subject-matter jurisdiction under Fed.R.Civ.P. 12(b)(1). *See, e.g., Adeleke v. United States*, 355 F.3d 144, 147 (2d Cir. 2004).

In reviewing plaintiffs' claims, the Court does not restrict itself to the complaint. In view of plaintiffs' *pro se* status, the Court also considers their other submissions.

*Section 7433 of the Internal Revenue Code*

Plaintiffs cannot properly sue the IRS as a defendant, because the IRS is not a suable entity. *See Krouse v. United States Gov't Treas. Dep't Internal Revenue Serv.*, 380 F. Supp. 219, 221 (C.D.Cal. 1974) (citing *Blackmar v. Guerre*, 324 U.S. 512 (1952)). The Court construes plaintiffs' claims against the IRS as intended to assert such claims against the United States.

A taxpayer may bring a civil action against the United States in district court to recover

-3-

damages resulting from the conduct of any officer or employee of the IRS who "recklessly or intentionally, or by reason of negligence, disregards" any provision of the Internal Revenue Code or regulations in connection with any collection of a federal tax. *See* 26 U.S.C. § 7433(a); *Hudson Valley Black Press v. IRS*, 409 F.3d 106, 112-13 (2d Cir. 2005). Section 7433 provides the exclusive remedy to recover damages for such conduct. *See* 26 U.S.C. § 7433(a).

Defendants contend that plaintiffs' section 7433 claim should be dismissed for failure to exhaust administrative remedies. Defendants are correct that a plaintiff cannot recover a judgment for damages under section 7433 "unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1). Defendants are also correct that plaintiffs here do not plead exhaustion of their administrative remedies. The exhaustion requirement is not, however, jurisdictional, but rather is an affirmative defense. *See Kim v. United States*, 632 F.3d 713, 718-19 (D.C.Cir. 2011). Therefore, plaintiffs' failure to plead exhaustion does not support dismissal of their wrongful collection cause of action under 26 U.S.C. § 7433(d)(1) either on the ground of lack of jurisdiction or on the ground of failure to state a claim.

Defendants also argue that the complaint fails to state a section 7433 claim because plaintiffs do not cite the particular provisions of the Internal Revenue Code or regulations upon which they rely. Given plaintiffs' *pro se* status, their failure to do so is not fatal to their claim. If the exhaustion issue is resolved in plaintiffs' favor, the claims they put forward in the administrative process will assist the Court in determining whether the complaint states a claim or perhaps should be amended. Dismissal on this ground is not appropriate at this point. Accordingly, dismissal of plaintiffs' section 7433 claim, construed as a claim against the United States, is denied.

*Section 7426 of the Internal Revenue Code*

A person "<u>other</u> <u>than</u> the person against whom is assessed the tax out of which such levy arose" may bring a "wrongful levy" suit against the United States in district court. 26 U.S.C. § 7426(a)(1) (emphasis added).[2] Plaintiffs do not, however, claim that they are not the persons against whom the tax is assessed. Construed liberally to raise the strongest arguments that it suggests, the complaint does not state a claim under section 7426, nor does anything in plaintiffs' submissions give any indication that a valid claim might be stated. Accordingly the Court dismisses any section 7426 claim without prejudice. If, however, plaintiffs believe that their factual situation supports a section 7426(a)(1) claim, they may make a motion for leave to amend their complaint to add this claim against the United States. They should make the motion within 30 days of this Memorandum-Decision and Order. If plaintiffs choose to make such a motion, their affidavit should set forth in detail their allegations in support of such a claim, and they should include copies of any relevant documents in their possession.

*Federal Tort Claims Act*

Plaintiffs cannot avail themselves of the United States' limited waiver of sovereign immunity under the Federal Tort Claims Act ("FTCA"), because the waiver expressly excludes "[a]ny claim arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c). Here, plaintiffs' claims arise directly out of the collection of taxes; therefore, this Court lacks

---

[2] 26 U.S.C. § 7426(a)(1) provides in full:
Wrongful levy.– If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.

jurisdiction to hear such claims under the FTCA.[3]  *See, e.g., Aetna Cas. & Sur. Co. v. United States*, 71 F.3d 475, 477-78 (2d Cir.1995).  Repleading would be futile, because better pleading cannot cure this defect.  To the extent that the complaint pleads a FTCA claim, the claim is dismissed without leave to replead.

### *Bivens Claim*

Plaintiffs allege that individual IRS agents, acting under color of federal authority, violated plaintiffs' constitutional rights.  Although framed as a claim under 42 U.S.C. § 1983, this claim is properly viewed as a "*Bivens*" claim, the federal analogue to a section 1983 claim.  *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

The Second Circuit, noting the "comprehensiveness" of the Internal Revenue Code and its remedial provisions, has held that "*Bivens* relief is not available for alleged constitutional violations by IRS officials involved in the process of assessing and collecting taxes." *Hudson Valley*, 409 F.3d at 113 (quoting *Adams v. Johnson*, 533 F.3d 1179, 1184 (9th Cir. 2004)); *accord Kim*, 632 F.3d at 717.  Accordingly, plaintiffs cannot state a *Bivens* claim based on defendants' tax collection activities.  Leave to amend would be futile, because better pleading will not cure this defect.  Plaintiffs' *Bivens* claim is dismissed for failure to state a claim without leave to replead.

### *Limited Discovery and Summary Judgment Motion on Section 7433 Exhaustion Issue*

Defendants' motion to dismiss the complaint is granted as to all claims except the claim for wrongful collection under 26 U.S.C. § 7433, construed as a claim against the United States.  In the interests of fairness and judicial economy, the Court gives defendants leave, after serving

---

[3] The Court lacks subject-matter jurisdiction over plaintiffs' FTCA claim regardless of whether plaintiffs have satisfied the prerequisite of presenting their claim to the appropriate federal agency.  *See* 28 U.S.C. § 2675(a).

their answer, to conduct limited discovery and make a motion for summary judgment solely on the issue of exhaustion under section 7433(d)(1). If defendants choose to follow this procedure and the motion is denied, the parties will thereafter be permitted to pursue discovery and make dispositive motions on other issues.

**Preliminary Injunction**

Plaintiffs seek a preliminary injunction restraining the enforcement of the levies and directing that they be removed. Because this relief would prevent government action taken in the public interest pursuant to a statutory or regulatory scheme, plaintiffs have the burden of establishing both that they will suffer irreparable harm and that they have a likelihood of success on the merits. *See Fifth Ave. Presbyterian Church v. City of N.Y.*, 293 F.3d 570, 573-74 (2d Cir. 2002). In addition, plaintiffs must show that their request for injuntive relief is not barred by the Anti-Injunction Act, 26 U.S.C. § 7421. Section 7421(a) provides, with exceptions not applicable here, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." It has long been established that "[t]he manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention[.]" *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962). Courts have created an exception where the taxpayer shows "(1) that it is clear that under no circumstances could the Government ultimately prevail on the tax liability and (2) that equity jurisdiction otherwise exists because the taxpayer would suffer irreparable injury if collection were effected." *Randell v. United States*, 64 F.3d 101, 106-07 (2d Cir. 1995) (citing *Enochs*, 370 U.S. at 7) (internal quotation marks omitted). Economic injury alone, even financial "ruination of the taxpayer's enterprise" does not support equity jurisdiction. *Enochs*, 360 U.S. at 6; *accord*

*Gallo v. U.S. Dept. of Treasury*, 950 F.Supp. 1246, 1249 (S.D.N.Y. 1997).

Regarding the first factor, plaintiffs have made no showing that "under no circumstances could the Government ultimately prevail." To the contrary, plaintiffs have not shown that they exhausted their administrative remedies as required to prevail on their sole remaining claim under section 7433. While, as already discussed, the absence of a showing of exhaustion does not warrant dismissal of plaintiffs' 7433 claim for lack of subject matter jurisdiction, it militates against a finding that the Government cannot prevail or that plaintiffs have a likelihood of success on the merits of their 7433 claim. Moreover, plaintiffs have not shown that equity jurisdiction exists; as noted, economic injury alone is insufficient to establish irreparable injury under the exception to the Anti-Injunction Act, and plaintiffs' allegations do not support any other basis for equity jurisdiction. Preliminary injunctive relief is denied.

**Remaining Defendants**

Because the sole remaining cause of action is the wrongful collection claim against the United States under 26 U.S.C. § 7433, all claims against the individual defendants (named in the complaint but not in the caption) are dismissed.

## CONCLUSION

It is therefore

ORDERED that plaintiffs' motion (Dkt. No. 5) for a preliminary injunction is denied; and it is further

ORDERED that defendants' motion (Dkt. No. 13) to dismiss the complaint is granted in part and denied in part as follows:

- dismissal of plaintiffs' claim for wrongful collection under 26 U.S.C. § 7433, construed to be a claim against the United States, is denied;

- any claim under 26 U.S.C. § 7426 is dismissed without prejudice; within 30 days of the

>    date of this Memorandum-Decision and Order, plaintiffs may, if they so desire, move for leave to amend their complaint to add this claim against the United States;

- any claims under the Federal Tort Claims Act and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) are dismissed without leave to replead;

- all claims against all defendants except the United States are dismissed; and

- after serving their answer, defendants may conduct limited discovery and make a motion for summary judgment solely on the issue of exhaustion under 26 U.S.C. § 7433(d)(1); if defendants choose to follow this procedure and the motion is denied, the parties will subsequently be permitted to pursue discovery and make dispositive motions on other issues;

and it is further

ORDERED that the corporate plaintiff Trotter Electric, Inc. must appear by counsel within 30 days of the date of this Memorandum-Decision and Order, or risk dismissal of all claims on its behalf on the ground of failure to prosecute; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

Date: June 5, 2013
Syracuse, New York

_____
Honorable Norman A. Mordue
U.S. District Judge